IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KATHRYN TAYLOR,

               **Plaintiff,**

vs.                                           Case No. 2:15-CV-9718

HY-VEE, INC.

[Registered Agent:
THE CORPORATION COMPANY, INC.
112 SW 7TH STREET, SUITE 3C
TOPEKA, KS 66603]

               **Defendant.**

## COMPLAINT

COMES NOW plaintiff and, for her claims against defendants states:

1. This case arises under Title VII of the Civil Rights Act of 1964 (Title VII) and the Age Discrimination in Employment Act of 1967 (ADEA), both as amended.

2. Defendant Hy-Vee, Inc. is an Iowa corporation with its principal place of business in the State of Iowa.

3. Plaintiff is a former employee of defendant who was employed and terminated in the State of Kansas.

4. At all relevant times, defendant was an "employer" within the meaning of Title VII and the ADEA.

5. Plaintiff began working for defendant as a pharmacist in 1997.

6. Plaintiff is female.

7. Plaintiff was born in 1947.

8. Plaintiff served as the pharmacist-in-charge at defendant's Olathe #2 store from 2006 until she was summarily terminated on November 26, 2014.

9. During her time as pharmacist-in-charge, plaintiff built the pharmacy's business.

10. Throughout her employment with defendant, plaintiff performed her job diligently.

11. Throughout her employment with defendant, plaintiff performed her job competently.

12. Throughout her employment with defendant, plaintiff performed her job professionally.

13. From the time he began working with her, a young male pharmacist named Mr. Vogt repeatedly asked plaintiff when she was going to retire.

14. Plaintiff reported these comments to the store manager, Dan Wellinghoff, but nothing was done about it.

15. In or around April 2014, Mr. Wellinghoff was replaced by Tom Crocker.

16. From the time Mr. Crocker took over the Olathe #2 store, he demonstrated gender-based and/or age-based favoritism toward Mr. Vogt.

17. On information and belief, Mr. Vogt told Mr. Crocker about his impatience waiting for plaintiff to "retire."

18. On or about November 20, 2014, plaintiff's district pharmacy manager (Michaela Ruiz) made a comment about how plaintiff was going to retire very soon.

19. On November 26, 2014, defendant terminated plaintiff.

20. When defendant terminated plaintiff as pharmacist-in-charge, it replaced her with Mr. Vogt.

21. The purported reasons for defendant's decision to replace plaintiff with Mr. Vogt were a pretext for age discrimination and/or gender discrimination.

22. Even though defendant had open pharmacist positions, plaintiff was not permitted to stay on as a staff pharmacist at the Olathe #2 store or any other location.

23. This Court has subject matter jurisdiction over this case.

24. This Court has personal jurisdiction over the parties.

25. Venue is proper in this Court.

26. Defendant's termination of plaintiff's employment as pharmacist-in-charge and its refusal to permit plaintiff to remain employed as a staff pharmacist were part of a pattern or practice of age and/or gender discrimination.

27. On or about May 15, 2015, plaintiff filed a charge of discrimination with the EEOC.

28. On or about September 3, 2015, the EEOC issued a right-to-sue notice with respect to plaintiff's charge of discrimination.

## **COUNT I – TITLE VII**

29. Plaintiff incorporates the foregoing paragraphs of her complaint by reference.

30. Plaintiff's gender was a motivating factor in defendant's decision to terminate her employment as pharmacist-in-charge and/or its refusal to allow her to remain employed as a staff pharmacist.

31. Defendant thereby violated plaintiff's civil rights under Title VII of the Civil Rights Act of 1964.

32. As a direct result of her unlawful termination, plaintiff sustained actual damages in the form of lost wages, benefits, damage to reputation, anxiety, humiliation, and emotional distress.

33. Defendant's conduct was sufficiently culpable to warrant an award of punitive damages.

## COUNT II – AGE DISCRIMINATION

34. Plaintiff incorporates the foregoing paragraphs of her complaint by reference.

35. Plaintiff's age was a determining factor in in defendant's decision to terminate her employment as pharmacist-in-charge and/or its refusal to allow her to remain employed as a staff pharmacist.

36. Defendant thereby violated plaintiff's civil rights under the ADEA.

37. As a direct result her unlawful termination, plaintiff sustained actual damages in the form of lost wages and benefits.

38. Defendant's conduct was sufficiently culpable to warrant an award of liquidated damages.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for entry of judgment in her favor with respect to each of her claims herein, together with an award of actual damages, punitive damages, liquidated damages, appropriate injunctive relief, attorney fees, costs, expenses, and such other relief as the Court deems proper.

## JURY TRIAL DEMAND

Plaintiff requests a jury trial on every issue so triable.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff designates the place of trial as Kansas City, Kansas.

- 5 -

Respectfully submitted,

SCHUMAKER CENTER FOR EMPLOYMENT LAW, P.C.

By /s/ Larry M. Schumaker
_____
    Larry M. Schumaker    D. Kan. #70450

10401 Holmes Road, Suite 480
Kansas City, Missouri 64131
Telephone:    816.941.9994
Facsimile:    816.941.8244
E-mail:    lms@schumakercenter.com

ATTORNEY FOR PLAINTIFF